**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**TERIANNE FREEMAN,**

                              **Plaintiff,**

            -against-                                    **08 Civ. 01284 (PKC)**

**HIP HEALTH PLAN OF NEW YORK,**              <u>**ANSWER**</u>

                              **Defendant.**
-------------------------------------------------------------x

      Defendant, Health Insurance Plan of Greater New York d/b/a HIP Health Plan of New

York ("HIP"), by its attorneys, Stroock & Stroock & Lavan LLP, answers the plaintiff's

complaint, dated February 7, 2008 (the "Complaint"), as follows:

### PARTIES

    1.     Admits, upon information and belief, that plaintiff, Terianne Freeman, was and

is a resident and domiciliary of the State of New York, County of Nassau with her principal

residence located at 19 Schoolhouse Lane, Syosset, New York 11791.

    2.     Admits the allegations contained in paragraph 2 of the Complaint and avers

that HIP is licensed as a New York State certified health maintenance organization under

Article 43 of the New York State Insurance Law.

### <u>VENUE AND JURISDICTION</u>

    3.     Admits that plaintiff purports to file this action as a civil rights action and the

Complaint purports to complain of deprivations of plaintiff's rights secured by the

Constitution of the State of New York, and purports to complain of violations of 42 U.S.C.

2000e *et seq.* (Title VII of the Civil Rights Act of 1964), the New York State Executive Law

Section 290 *et seq.*, the New York City Administrative Code, and all applicable rules and regulations.

4.      Denies the allegations contained in paragraph 4, except admits that (i) plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C.A. § 1343(a) and under the doctrine of supplemental and pendent jurisdiction and (ii) venue in this Court is appropriate pursuant to 28 U.S.C. § 1391.

5.      Admits, upon information and belief, that plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dated June 13, 2007.

6.      Admits, upon information and belief, that the EEOC issued a Notice of Right to Sue letter dated December 27, 2007.

7.      Admits, upon information and belief, the allegations contained in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

## NATURE OF THE ACTION

9.      Denies the allegations contained in paragraph 9 of the Complaint, except admits that plaintiff purports to bring this action for monetary damages for pain, suffering, humiliation, lost wages and other compensation, exemplary damages, counsel fees and costs and expenses and for declaratory, injunctive, equitable and affirmative relief.

## BACKGROUND AND FACTS

10.    Admits, upon information and belief, the allegations contained in paragraph 10 of the Complaint.

11.    Admits the allegations contained in paragraph 11 of the Complaint.

12.    Admits, upon information and belief, the allegations contained in paragraph 12 of the Complaint.

13.    Denies the allegations contained in paragraph 13 of the Complaint, except avers that (i) plaintiff was hired by HIP effective August 2, 1999 in the position Appeals Nurse, Care Management Department, (ii) in or about January 2000 plaintiff was promoted to Team Lead in the Clinical Appeals Department, (iii) in or about July 2000 plaintiff's title was changed to Assistant Director in the Clinical Appeals Department, and (iv) in or about April 2001 plaintiff received a lateral transfer to the position of Assistant Director in the Regulatory Compliance Department.

14.    Denies the allegations contained in paragraph 14 and avers that in or about September 2001, plaintiff received a promotion to the position of Director, Compliance and Accreditation in the Regulatory Compliance Department.

15.    Admits the allegations contained in paragraph 15 of the Complaint.

16.    Denies the allegations contained in paragraph 16 of the Complaint, except admits that on or about March 31, 2007, plaintiff agreed to a lateral transfer to the position of Director, Corporate Compliance.

17.    Denies the allegations contained in paragraph 17 of the Complaint.

18.    Denies the allegations contained in paragraph 18 of the Complaint.

19.    Denies the allegations contained in paragraph 19 of the Complaint, except avers that plaintiff was generally "well regarded" by her supervisors and peers.

20.    Denies the allegations contained in paragraph 20 of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint, except admits that plaintiff reported to work for at least part of each workday during the New York City Transit Strike in December 2005.

22.    Denies the allegations contained in paragraph 22 of the Complaint, except admits that plaintiff began parental leave on or about March 13, 2006.

23.    Denies the allegations contained in paragraph 23 of the Complaint and avers that plaintiff was paid for 49 sick days and 2 vacation days during the first approximately ten weeks of her parental leave, in accordance with HIP policy.

24.    Denies the allegations contained in paragraph 24 of the Complaint except (i) avers that plaintiff was on unpaid leave for the period from May 23, 2006 through December 28, 2006 and (ii) admits that plaintiff's leave was in accordance with HIP's policy.

25.    Admits, upon information and belief, the allegations contained in paragraph 25 of the Complaint.

26.    Admits the allegations contained in paragraph 26 of the Complaint and avers that (i) plaintiff had previously advised HIP that she would be returning to work on September

25, 2006, (ii) plaintiff informed Mr. Tighe in August 2006 that she wanted to extend her leave through January 2, 2007, and (iii) HIP granted plaintiff's request to extend her leave for a total of approximately nine and a half months.

27.    Admits the allegations contained in paragraph 27 of the Complaint.

28.    Admits the allegations contained in paragraph 28 of the Complaint.

29.    Admits the allegations contained in paragraph 29 of the Complaint.

30.    Denies the allegations contained in paragraph 30 of the Complaint.

31.    Denies the allegations contained in paragraph 31 of the Complaint, except (i) admits that prior to commencing parental leave plaintiff had been responsible for the ministerial tasks performed by the Internal Audit Department associated with bid openings, (ii) avers that during plaintiff's leave, Mary Cripps, a female coworker with no children was assigned to perform such tasks and continued to do so after plaintiff returned from leave, and (iii) avers that the task is routinely rotated throughout the department.

32.    Admits the allegations contained in paragraph 32 of the Complaint and avers that plaintiff (i) did not object to the lateral transfer, (ii) would not have been transferred had she not agreed to it, and (iii) appeared pleased with the prospect of the new position.

33.    Denies the allegations contained in paragraph 33 of the Complaint.

34.    Denies the allegations contained in paragraph 34 of the Complaint.

35.    Denies the allegations contained in paragraph 35 of the Complaint, except admits that plaintiff was treated by HIP as a valued and respected member of the team.

36.     Denies the allegations contained in paragraph 36 of the Complaint, except admits that plaintiff had returned to work approximately three months before she agreed with HIP to transfer to the Compliance Department.

37.     Admits the allegations contained in paragraph 37 of the Complaint.

38.     Admits the allegations contained in paragraph 38 of the Complaint.

39.     Admits the allegations contained in paragraph 39 of the Complaint.

40.     Denies the allegations contained in paragraph 40 of the Complaint, except (i) admits that as of the date of the memorandum, Mr. Tighe was no longer plaintiff's managing director, (ii) avers that the April 17, 2007 memorandum was written to document an earlier counseling session between Mr. Tighe and plaintiff and that plaintiff was advised that a written memorandum would follow, and (iii) avers that plaintiff submitted a written response to Mr. Tighes' memorandum, dated April 19, 2007.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, except admits that plaintiff reported to work on April 19, 2007 and subsequently informed HIP that her daughter burned her hand while her husband was watching her and that she had been taken to the hospital.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except avers that on April 19, 2007, plaintiff sent a memorandum in response to Mr. Tighe's April 17, 2007 memorandum to the Human Resources Department, Kevin Tighe, Valerie Reardon and Judy Heimann, and

Ms. Reardon responded by scheduling a meeting for all parties to discuss the issues raised by plaintiff.

43.     Admits the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint, except (i) admits that Mr. Tighe raised the fact that HIP had been flexible with plaintiff's schedule when her husband required eye surgery, and (ii) in addition to the vacation, sick and personal days that plaintiff used during that time, Mr. Tighe permitted plaintiff to leave early and come to work late on several occasions.

46.     Denies the allegations contained in paragraph 46 of the Complaint, except admits that (i) Valerie Reardon stood up at one or more points during the meeting, including to walk from her desk to the table where the other attendees were seated and to retrieve a copy of plaintiff's memorandum from her desk and return to the table during the meeting, and (ii) Ms. Reardon raised her voice at times during the meeting, including because plaintiff would not stop speaking over her.

47.     Denies the allegations contained in paragraph 47 of the Complaint, except admits that Ms. Reardon called the plaintiff selfish and stated words to the effect that the Chairman and Chief Executive Officer of HIP, Tony Watson, provided many benefits and opportunities at HIP and that plaintiff had the opportunity to be part of them.

48.    Denies the allegations contained in paragraph 48 of the Complaint except admits that Ms. Reardon told plaintiff words to the effect that everyone has responsibilities outside of work, but the work needs to get done.

49.    Denies the allegations contained in paragraph 49 of the Complaint, except (i) avers that, in response to plaintiff's repeated demands to Ms. Reardon and Ms. Kreiswirth, "what are you going to do?" Ms. Reardon responded that it was up to plaintiff, because plaintiff had the appropriate skills and background to perform Compliance Department work, (ii) admits that Ms. Reardon initially wanted plaintiff's answer at the meeting, and (iii) avers that Ms. Kreiswirth said that plaintiff should take until Monday to make a decision.

50.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint, except admits that after Ms. Kreiswirth told plaintiff to take until Monday, plaintiff stated that she would let Ms. Kreiswirth know her decision at 5 o'clock that day.

51.    Denies the allegations contained in paragraph 51 of the Complaint, except (i) admits that, at Ms. Reardon's request, Judy Heimann stated that plaintiff told Ms. Heimann that she intended to tell Dan McGowan, then the President and Chief Operating Officer of HIP, that HIP is "family unfriendly," and (ii) avers that Ms. Heimann stated that she was surprised by plaintiff's statement.

52.    Denies the allegations contained in paragraph 52 of the Complaint, except (i) avers that plaintiff told Ms. Heimann of her plan in Ms. Heimann's office while speaking directly to Ms. Heimann, and (ii) denies knowledge or information sufficient to form a belief

as to whether plaintiff also made a similar statement to plaintiff's husband during a telephone conversation.

53.     Denies the allegations contained in paragraph 53 of the Complaint, except admits that Ms. Reardon stated that she took plaintiff's statement personally because she knew it was not true and asked plaintiff if she intended the statement as a threat.

54.     Denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies the allegations contained in paragraph 55 of the Complaint.

56.     Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, except avers that plaintiff did not cry during the meeting or while Ms. Kreiswirth was accompanying her after the meeting.

59.     Denies the allegations contained in paragraph 59 of the Complaint, except (i) admits that later on the afternoon of April 27, 2007, plaintiff called Kreiswirth to attempt to rescind her resignation stating that she felt pressured and harassed into it, (ii) avers that Kreiswirth reminded plaintiff that she had been given until the following Monday to make a decision, that plaintiff had moved the time up to the end of the day and then resigned effective immediately, (iii) avers that plaintiff admitted this was true, (iv) admits that plaintiff stated that if Ms. Reardon wanted to get rid of plaintiff, she would have to fire her, (v) avers that because Ms. Kreiswirth never had a situation where a person resigned with no notice and then

attempted to revoke the resignation, she informed plaintiff that she would check with Diane

McGuire, and (vi) admits that Ms. Kreiswirth called plaintiff back and informed her that HIP

accepted verbal resignations in the past and that plaintiff's verbal resignation stands.

60.    Denies the allegations contained in paragraph 60 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## TITLE VII – GENDER – HOSTILE WORK ENVIRONMENT
## AND DISPARATE TREATMENT

61.    Repeats and realleges each and every response contained in paragraphs 1

through 60 of the Complaint as though fully set forth herein.

62.    Denies the allegations contained in paragraph 62 of the Complaint.

63.    Denies the allegations contained in paragraph 63 of the Complaint.

64.    Denies the allegations contained in paragraph 64 of the Complaint.

65.    Denies the allegations contained in paragraph 65 of the Complaint.

66.    Denies the allegations contained in paragraph 66 of the Complaint.

67.    Denies the allegations contained in paragraph 67 of the Complaint.

68.    Denies the allegations contained in paragraph 68 of the Complaint.

69.    Denies the allegations contained in paragraph 69 of the Complaint.

70.    Denies the allegations contained in paragraph 70 of the Complaint.

71.    Denies the allegations contained in paragraph 71 of the Complaint.

72.    Denies the allegations contained in paragraph 72 of the Complaint.

73.    Denies the allegations contained in paragraph 73 of the Complaint.

74.    Denies the allegations contained in paragraph 74 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW § 296 – GENDER – HOSTILE
## ENVIRONMENT AND DISPARATE TREATMENT

75.    Repeats and realleges each and every response contained in paragraphs 1 through 74 of the Complaint as though fully set forth herein.

76.    Denies the allegations contained in paragraph 76 of the Complaint.

77.    Denies the allegations contained in paragraph 77 of the Complaint.

78.    Denies the allegations contained in paragraph 78 of the Complaint.

79.    Denies the allegations contained in paragraph 79 of the Complaint.

80.    Denies the allegations contained in paragraph 80 of the Complaint.

81.    Denies the allegations contained in paragraph 81 of the Complaint.

82.    Denies the allegations contained in paragraph 82 of the Complaint.

83.    Denies the allegations contained in paragraph 83 of the Complaint.

84.    Denies the allegations contained in paragraph 84 of the Complaint.

85.    Denies the allegations contained in paragraph 85 of the Complaint.

86.    Denies the allegations contained in paragraph 86 of the Complaint.

87.    Denies the allegations contained in paragraph 87 of the Complaint.

88.    Denies the allegations contained in paragraph 88 of the Complaint.

**AS AND FOR A THIRD CAUSE OF ACTION
NEW YORK CITY ADMINISTRATIVE CODE § 8-107 – GENDER –
HOSTILE ENVIRONMENT AND DISPARATE TREATMENT**

89.    Repeats and realleges each and every response contained in paragraphs 1 through 88 of the Complaint as though fully set forth herein.

90.    Denies the allegations contained in paragraph 90 of the Complaint.

91.    Denies the allegations contained in paragraph 91 of the Complaint.

92.    Denies the allegations contained in paragraph 92 of the Complaint.

93.    Denies the allegations contained in paragraph 93 of the Complaint.

94.    Denies the allegations contained in paragraph 94 of the Complaint.

95.    Denies the allegations contained in paragraph 95 of the Complaint.

96.    Denies the allegations contained in paragraph 96 of the Complaint.

97.    Denies the allegations contained in paragraph 97 of the Complaint.

98.    Denies the allegations contained in paragraph 98 of the Complaint.

99.    Denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    Denies the allegations contained in paragraph 101 of the Complaint.

102.    Denies the allegations contained in paragraph 102 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN VIOLATION OF TITLE VII – RETALIATION – HOSTILE ENVIRONMENT
## AND DISPARATE TREATMENT

103.    Repeats and realleges each and every response contained in paragraphs 1 through 102 of the Complaint as though fully set forth herein.

104.    Denies the allegations contained in paragraph 104 of the Complaint.

105.    Denies the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION
## IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 – RETALIATION

109.    Repeats and realleges each and every response contained in paragraphs 1 through 108 of the Complaint as though fully set forth herein.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

## AS AND FOR A SIXTH CAUSE OF ACTION
## IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8–107 - RETALIATION

115.    Repeats and realleges each and every response contained in paragraphs 1 through 114 of the Complaint as though fully set forth herein.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII

121.    Repeats and realleges each and every response contained in paragraphs 1 through 120 of the Complaint as though fully set forth herein.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    Admits, upon information and belief, the allegations contained in paragraph 123 of the Complaint.

124.    Admits the allegations contained in paragraph 124 of the Complaint.

125.    Denies the allegations contained in paragraph 125 of the Complaint.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    Denies the allegations contained in paragraph 127 of the Complaint.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
CONSTRUCTIVE DISCHARGE IN VIOLATION OF
NEW YORK EXECUTIVE LAW § 296**

130.    Repeats and realleges each and every response contained in paragraphs 1 through 129 of the Complaint as though fully set forth herein.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

## AS AND FOR A NINTH CAUSE OF ACTION
## CONSTRUCTIVE DISCHARGE IN VIOLATION OF NEW YORK CITY
## ADMINISTRATIVE CODE § 8-107

137.    Repeats and realleges each and every response contained in paragraphs 1 through 136 of the Complaint as though fully set forth herein.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

142.    Denies the allegations contained in paragraph 142 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

## AS AND FOR A TENTH CAUSE OF ACTION
## IN VIOLATION OF TITLE VII - RETALIATION

144.    Repeats and realleges each and every response contained in paragraphs 1 through 143 of the Complaint as though fully set forth herein.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

146.    Denies the allegations contained in paragraph 146 of the Complaint.

147.    Denies the allegations contained in paragraph 147 of the Complaint.

148.    Denies the allegations contained in paragraph 148 of the Complaint.

149.    Denies the allegations contained in paragraph 149 of the Complaint.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296 – RETALIATION

150.    Repeats and realleges each and every response contained in paragraphs 1 through 149 of the Complaint as though fully set forth herein.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies the allegations contained in paragraph 152 of the Complaint.

153.    Denies the allegations contained in paragraph 153 of the Complaint.

154.    Denies the allegations contained in paragraph 154 of the Complaint.

155.    Denies the allegations contained in paragraph 155 of the Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-107 – RETALIATION

156.    Repeats and realleges each and every response contained in paragraphs 1 through 155 of the Complaint as though fully set forth herein.

157.    Denies the allegations contained in paragraph 157 of the Complaint.

158.    Denies the allegations contained in paragraph 158 of the Complaint.

159.    Denies the allegations contained in paragraph 159 of the Complaint.

160.    Denies the allegations contained in paragraph 160 of the Complaint.

161.    Denies the allegations contained in paragraph 161 of the Complaint.

## JURY DEMAND

162.    Admits that plaintiff purports to demand a jury trial of this action.

In response to the **"WHEREFORE paragraph,"** states that this paragraph is the prayer for relief, to which no responsive pleading is required, and to the extent that a responsive pleading is required, admits that the complaint purports to demand judgment: (a) declaring that the actions, patterns and practices of defendant constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended, the Civil Rights Act of 1991 (Pub. L. 102-166); the New York State Constitution; the New York State Executive Law Section 290 *et seq.*; the New York State Administrative Code Section 8-107 *et seq.*, and all applicable rules and regulations, and common law principals;

(b) permanently enjoining the defendant from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, as amended, the Civil Rights Act of 1991 (Pub. L. 102-166); the New York State Constitution; the New York State Executive Law Section 290 *et seq.*; the New York State Administrative Code Section 8-107 *et seq.*, and all applicable rules and regulations, and common law principals;

(c) awarding damages for economic and emotional injuries as well as interest, costs, disbursements, common law, statutory, compensatory, exemplary and punitive damages, pre-judgment interest, pecuniary and non-pecuniary damages and such other and further relief as this Court deems just and proper; and

(d) awarding counsel fees, costs and disbursements of this action.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim against defendant HIP upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff has failed, in whole or in part, to mitigate any damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because defendant at no time acted towards plaintiff with malice or with reckless disregard of her rights.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that (i) HIP exercised reasonable care to prevent and correct promptly any unlawful behavior, including the maintenance of an effective policy against discrimination and harassment, and (ii) plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by defendant.

Dated: New York, New York
April 7, 2008

STROOCK & STROOCK & LAVAN LLP

By: ___/s/ Howard S. Lavin___
    Howard S. Lavin (HL – 9272)
    Elizabeth E. DiMichele (ED – 6650)
180 Maiden Lane
New York, New York 10038
(212) 806-5400
Attorneys for Defendant
*Health Insurance Plan of Greater New York*
*d/b/a HIP Health Plan of New York*

TO:    GABOR & GABOR
       400 Garden City Plaza
       Suite 406
       Garden City, New York 11530
       Attention: David Gabor
       Attorneys for Plaintiff
         *Terianne Freeman*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on April 7, 2008, I caused to be served upon the following counsel of record, by Federal Express, a true copy of the attached Answer to the Complaint addressed as follows:

GABOR & GABOR
400 Garden City Plaza
Suite 406
Garden City, New York  11530
Attention:  David Gabor

Dated: New York, New York
       April 7, 2008

                            /s/  Elizabeth DiMichele
                            Elizabeth DiMichele